1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> vs. <br><br> **BURGERIM GROUP USA, INC., et al.,** <br><br> Defendants. | No. CV 22-825-DMG (PDx) <br><br> **ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENTS FOR CIVIL PENALTY AND CONSUMER REDRESS AS TO DEFENDANT OREN LONI [43]** |

Plaintiff the United States of America, acting upon notification and authorization to the Attorney General, filed its Complaint for Permanent Injunction, Monetary Judgments for Civil Penalties and Consumer Redress, and Other Relief ("Complaint"), pursuant to Sections 5(a), 5(m)(1)(A), 13(b), 19, and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b, and 56(a)(1). Defendant Oren Loni ("Individual Defendant") has waived service of the summons and the Complaint. Plaintiff and Individual Defendant stipulate to the entry of this Stipulated Order for Permanent Injunction and Civil Penalty Judgment ("Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

**FINDINGS**

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Individual Defendant participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the Franchise Rule, 16 C.F.R Part 436 ("Franchise Rule"), in the sale and marketing of Burgerim franchises.

3.      Individual Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Individual Defendant admits the facts necessary to establish jurisdiction.

4.      Individual Defendant waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

5.      Individual Defendant and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A.      "Defendants" means the Individual Defendant and all the Corporate Defendants, individually, collectively, or in any combination.

B.      "Corporate Defendants" means Burgerim Group USA, Inc. and Burgerim Group, Inc. and their successors and assigns.

C.      "Individual Defendant" means Oren Loni.

D.      "Franchise Rule" means the FTC Trade Regulation Rule codified at l6 C.F.R. Part 436, attached hereto as Appendix A.

2

## ORDER

### I.   BAN ON SALE OF FRANCHISES

IT IS THEREFORE ORDERED that Individual Defendant is permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, or selling, or assisting others in the advertising, marketing, promoting, offering for sale, or selling, of any franchise, as defined by 16 C.F.R. § 436.1(h), in the United States.

### II.   PROHIBITION ON MISPREPRESENTATIONS

IT IS FURTHER ORDERED that Individual Defendant, his agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any product or service are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

    A.   Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy;

    B.   With respect to the sale of any franchise, business venture, business opportunity, or other offer to earn income:

        1. Any income, profits, or sales volume achieved by existing or past purchasers or operators;

        2. Any income, profits, or sales volume likely to be achieved;

        3. The length of time in which a purchaser is likely to recoup the purchase price or initial investment costs;

        4. The number or identity of current or former purchasers;

        5. The nature, scope, or amount of any training provided to any purchaser;

        6. The amount, nature or degree of assistance that will be provided; and

7.  Any other fact material to consumers.

## III.   MONETARY JUDGMENTS FOR CIVIL PENALTY AND CONSUMER REDRESS

IT IS FURTHER ORDERED that:

A. Judgment in the amount of $5,000,000 is entered in favor of Plaintiff against Individual Defendant as a civil penalty.

B. Judgment in the amount of $38,849,351 is entered in favor of Plaintiff against Individual Defendant for consumer redress.

C. Individual Defendant is ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, One Thousand Dollars ($1,000), which, as Individual Defendant stipulates, his undersigned counsel holds in escrow for no purpose other than payment to the Plaintiff. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of Plaintiff. Upon such payment, the remainder of the judgment for civil penalties and consumer redress is suspended, subject to Section IV below.

## IV.   SUSPENSION OF MONETARY JUDGMENTS

A. The Plaintiff's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Individual Defendant's sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely the Financial Statement of Individual Defendant Oren Loni (Form OBD-500) signed on November 27, 2022.

B. The suspension of the judgment will be lifted as to Individual Defendant if, upon motion by the Commission or Plaintiff, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

C. If the suspension of the judgment is lifted, the judgment becomes immediately due in the amount specified in Subsections III.A and III.B above (which the parties stipulate only for purposes of this Section represents the amount of the civil penalty and consumer redress for the violations alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## V.    ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. Individual Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C. Individual Defendant agrees that the civil penalty judgment represents a civil penalty owed to the government of the United States, is not compensation for actual pecuniary loss, and, therefore, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

D. Individual Defendant acknowledges that his Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which he must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E. All money paid pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer redress, including any attendant expenses for the administration of any redress fund. If a

representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or if money remains after redress is completed, the Commission may apply any remaining money for such relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such relief is to be deposited to the U.S. Treasury as disgorgement. Individual Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VI.   ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Individual Defendant obtain acknowledgments of receipt of this Order:

A. Individual Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.   For 20 years after entry of this Order, for any business that Individual Defendant directly or indirectly owns or controls, Individual Defendant must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.   From each individual or entity to which Individual Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII.   COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Individual Defendant shall make timely submissions to the Commission:

A. One year after entry of this Order, Individual Defendant must submit a compliance report, sworn under penalty of perjury, that meets the following requirements:

1.   Individual Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, that representatives of the Commission and Plaintiff may use to communicate with Defendant; (b) identify all of Individual Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.   Additionally, Individual Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which Individual Defendant performs services, whether as an employee or otherwise, and any entity in which Individual Defendant has any ownership interest; and (c) describe in detail Individual Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 20 years after entry of this Order, Individual Defendant must

submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

      1.    Individual Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of any entity that Individual Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

      2.    Additionally, the Individual Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

    C.  Individual Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Individual Defendant within 14 days of its filing.

    D.  Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

    E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The

subject line must begin:  FTC v. Burgerim Group USA, Inc., et al., Matter No. 2023057.

## VIII.   RECORDKEEPING

IT IS FURTHER ORDERED that Individual Defendant must create certain records for 20 years after entry of the Order and retain each such record for 5 years.  Specifically, for any business that Individual Defendant directly or indirectly owns or controls, Individual Defendant must create and retain the following records:

A.   Accounting records showing the revenues from all goods or services sold;

B.   Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.   Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.   All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.   A copy of each unique advertisement or other marketing material, and Franchise Disclosure Document.

## IX.   COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Individual Defendant's compliance with this Order and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, Individual Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection

1    and copying.  The Commission and Plaintiff are also authorized to obtain discov-

2    ery, without further leave of court, using any of the procedures prescribed by Fed-

3    eral Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34,

4    36, 45, and 69.

5            B.  For matters concerning this Order, the Commission and Plaintiff are

6    authorized to communicate directly with Individual Defendant.  Defendant must

7    permit representatives of the Commission and Plaintiff to interview any employee

8    or other person affiliated with any Defendant who has agreed to such an interview.

9    The person interviewed may have counsel present.

10           C.  The Commission and Plaintiff may use all other lawful means, in-

11   cluding posing, through its representatives as consumers, suppliers, or other indi-

12   viduals or entities, to Individual Defendant or any individual or entity affiliated

13   with Individual Defendant, without the necessity of identification or prior notice.

14   Nothing in this Order limits the Commission's lawful use of compulsory process,

15   pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

16           D.  Upon written request from a representative of the Commission or

17   Plaintiff, any consumer reporting agency must furnish consumer reports concern-

18   ing the Individual Defendant, pursuant to Section 604(1) of the Fair Credit Re-

19   porting Act, 15 U.S.C. § 1681b(a)(1).

20                    **X.    RETENTION OF JURISDICTION**

21         IT IS FURTHER ORDERED that this Court retains jurisdiction of this mat-

22   ter for purposes of construction, modification, and enforcement of this Order.

23

24   **IT IS SO ORDERED.**

25

26   DATED:  November 20, 2023

27                                           DOLLY M. GEE
                                            UNITED STATES DISTRICT JUDGE
28

                                    10