JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**BURGERIM GROUP USA, INC.,**<br><br>**BURGERIM GROUP, INC.,**<br><br>and<br><br>**OREN LONI,** individually and as an officer of Burgerim Group USA, Inc. and Burgerim Group, Inc.**,**<br><br>Defendants. | No. 2:22-CV-00825-DMG<br><br>**DEFAULT JUDGMENT AND FINAL ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENTS FOR CIVIL PENALTY AND CONSUMER REDRESS** |

Plaintiff the United States of America, acting upon notification and authorization to the Attorney General, filed its Complaint for Permanent Injunction, Monetary Judgments for Civil Penalties and Consumer Redress, and Other Relief ("Complaint"), pursuant to Sections 5(a), 5(m)(1)(A), 13(b), 19, and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b, and 56(a)(1). On July 14, 2022, upon application by the United States, the Clerk of the Court entered default as to Burgerim Group USA, Inc. and Burgerim Group, Inc. (collectively, "Entity Defendants"). [Doc. # 30.]

Plaintiff has applied for entry of a default judgment against Entity Defendants. In light of Entity Defendants' default, and after considering the pleadings, the Court hereby GRANTS Plaintiff's application, upon the terms set forth below.

## FINDINGS

1. The Complaint charges that Entity Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the Franchise Rule, 16 C.F.R 436 ("Franchise Rule"), in the sale and marketing of Burgerim franchises.

2. The Complaint states claims upon which relief can be granted.

3. The activities of Entity Defendants, as alleged in the Complaint, are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4. The Court has jurisdiction over the subject matter of this case and has jurisdiction over Entity Defendants. Venue in this district in proper.

5. The Clerk of the Court properly entered a default against Entity Defendants on July 14, 2022.

6. The Court issued an Order granting Plaintiff's Motion for Default Judgment on January 19, 2024.

7. The Court previously entered an Order for Permanent Injunction and Monetary Judgments for Civil Penalty and Consumer Redress as to Defendant Oren Loni. [Doc. # 44.]

8. This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "Defendants" means Defendant Oren Loni and all Entity Defendants, individually, collectively, or in any combination.

B. "Entity Defendants" means Burgerim Group USA, Inc. and Burgerim Group, Inc. and their successors and assigns.

C. "Franchise Rule" means the FTC Trade Regulation Rule codified at l6 C.F.R. Part 436, attached hereto as Appendix A.

## ORDER

### I. BAN ON SALE OF FRANCHISES

IT IS THEREFORE ORDERED that Entity Defendants are permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, or selling, or assisting others in the advertising, marketing, promoting, offering for sale, or selling, of any franchise, as defined by l6 C.F.R. § 436.1(h), in the United States.

### II. PROHIBITION ON MISPREPRESENTATIONS

IT IS FURTHER ORDERED that Entity Defendants, their officers, directors, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any product or service are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A. Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy;

B. With respect to the sale of any franchise, business venture, business opportunity, or other offer to earn income:

1. Any income, profits, or sales volume achieved by existing or past purchasers or operators;

2. Any income, profits, or sales volume likely to be achieved;

3. The length of time in which a purchaser is likely to recoup the purchase price or initial investment costs;

4. The number or identity of current or former purchasers;

5. The nature, scope, or amount of any training provided to any purchaser;

6. The amount, nature or degree of assistance that will be provided; and

7. Any other fact material to consumers.

### III. MONETARY JUDGMENTS FOR CIVIL PENALTY AND CONSUMER REDRESS

IT IS FURTHER ORDERED that:

A. Judgment in the amount of $7,750,000 is entered in favor of Plaintiff against Entity Defendants, jointly and severally, as a civil penalty. Entity Defendants are ordered to pay Plaintiff by making a payment to the Treasurer of the United States in the amount of $7,750,000.

B. Judgment in the amount of $48,476,689 is entered in favor of Plaintiff against Entity Defendants, jointly and severally, for consumer redress. Entity Defendants are ordered to pay Plaintiff by making payment to the Treasurer of the United States in the amount of $48,476,689.

C. Such payments must be made within seven (7) days of entry of this Order by electronic fund transfer in accordance with instructions provided by Plaintiff.

    D.    Entity Defendants acknowledge that their Taxpayer Identification Number (Social Security Numbers or Employer Identification Numbers), which Entity Defendants must submit to the FTC, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

    E.    All money received by the Commission pursuant to this Order may be deposited into a fund administered by the FTC or its designee to be used for consumer relief, such as redress, including any attendant expenses for the administration of any redress fund.  If a representative of the FTC decides that direct redress to consumers is wholly or partially impracticable or if money remains after redress is completed, the FTC may apply any remaining money for such relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.   Any money not used for such relief is to be deposited to the U.S. Treasury as an additional civil penalty.  Defendants have no right to challenge any actions the FTC or its representatives may take pursuant to this Subsection.

## IV.    ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Entity Defendants obtain acknowledgments of receipt of this Order:

    A.    Each Entity Defendant, within seven (7) days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

    B.    For 20 years after entry of this Order, Entity Defendants must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance

Reporting. Delivery must occur within seven (7) days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

  C. From each individual or entity to which Entity Defendants delivered a copy of this Order, that Entity Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## V. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Entity Defendants shall make timely submissions to the FTC:

  A. One year after entry of this Order, each Entity Defendant must submit a compliance report, sworn under penalty of perjury. Each Entity Defendant must:

    1. Identify the primary physical, postal, and email address and telephone number, as designated points of contact, that representatives of the FTC and Plaintiff may use to communicate with that Entity Defendant;

    2. Identify all of that Entity Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

    3. Describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which the Entity Defendant must describe if known due to its own involvement);

    4. Describe in detail whether and how that Entity Defendant is in compliance with each Section of this Order; and

    5. Provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC.

  B. For 20 years after entry of this Order, each Entity Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

    1. Any designated point of contact; or

    2.    The structure of any entity that Entity Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

    C.    Each Entity Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Entity Defendants within 14 days of its filing.

    D.    Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _" and supplying the date, signatory's full name, title (if applicable), and signature.

    E.    Unless otherwise directed by a FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Burgerim Group USA, Inc., et al.*, (FTC Matter No. 2023057).

## VI.    RECORDKEEPING

IT IS FURTHER ORDERED that Entity Defendants must create certain records for 20 years after entry of the Order and retain each such record for fiveyears. Specifically, each Entity Defendant must create and retain the following records:

    A.    Accounting records showing the revenues from all goods or services sold;

    B.    Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC; and

E. A copy of each unique advertisement or other marketing material.

## VII. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Entity Defendants' compliance with this Order and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the FTC or Plaintiff, each Entity Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The FTC and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the FTC and Plaintiff are authorized to communicate directly with each Entity Defendant. Entity Defendants must permit representatives of the FTC and Plaintiff to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The FTC and Plaintiff may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Entity Defendants or any individual or entity affiliated with Entity Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

# VIII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

DATED:  January 19, 2024

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE